UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

    Plaintiff,

  v.

CITY OF CAIRO, PAUL F. FARRIS,
JOSEPH BARGO, PATRICK J. COX,
LINDA JACKSON, ELBERT PURCHASE,

    Defendants.

Case No. 07-cv-419-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Motions to Dismiss or Stay filed by Defendants Paul F. Farris (Farris) (Doc. 28), Joseph Bargo (Bargo) (Doc. 30), and Patrick J. Cox (Cox) (Doc. 32), proceeding *pro se*.[1] Plaintiff St. Paul Fire and Marine Insurance Company (St. Paul) has responded to the Motions (Doc. 40). For the following reasons, the Court **DENIES** the Motions.

### BACKGROUND

This is a declaratory judgment action brought in diversity, in which St. Paul asks the Court to determine its rights and obligations to defend and indemnify Defendants in an underlying lawsuit currently underway in Alexander County, Illinois.

**I.    The St. Paul Policy**

St. Paul contractually obligated itself to defend from suit and indemnify "covered

---

[1] The Court has liberally construed the Defendants's *pro se* Motions, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998), although it notes that at least one of the Defendants, Cox, is a licensed attorney and that the three motions to dismiss are identical in all particulars except the Defendant's name.

persons" including: 1) the City of Cairo (Cairo); 2) Cairo's elected or appointed officials for conduct within the scope of their duties to Cairo; and 3) members of Cairo's boards for conduct within the scope of their duties to Cairo. The insurance contract contained several exclusions relevant here: 1) an exclusion from coverage for suits brought by one covered person against another covered person; 2) an exclusion from defending declaratory, injunctive, or other non-monetary actions; 3) an exclusion from defending actions resulting from wrongful acts the protected person could reasonably foresee would result in a claim or suit; and 4) an exclusion from defending known wrongful acts.

## II.     The Underlying Suit[2]

During the period of coverage under the St. Paul policy, Linda Jackson and Elbert Purchase, two members of Cairo's City Council, filed suit against Cairo's mayor, Farris, Cairo's Treasurer, Bargo, and Cairo's purported City Attorney, Cox, alleging that Farris had improperly appointed Cox without the approval or authorization of the Cairo City Council, and that Bargo had made salary payments to Cox in the absence of an appropriation concerning the expense. The complaint sought an injunction against further payments to Cox, an accounting and disgorgement of Cox's improperly paid salary, and costs.

Farris, Bargo and Cox all attempted to tender defense of the suit to St. Paul under the above policy. St. Paul denied coverage to each of them based on one or more of the above mentioned policy exclusions. Later, St. Paul agreed to pay for Farris's defense provided his retained defense counsel was acceptable to St. Paul. St. Paul indicated that Cox, Farris's current

---

[2]As these Motions to Dismiss were filed only by Farris, Cox, and Bargo, the Court will examine the complaint only as regards those three Defendants. St. Paul is not a party to the underlying suit.

attorney, would not be acceptable.  St. Paul also expressly reserved its rights to limit or deny coverage at any time based on any defense available to it.  St. Paul brought this declaratory judgment action asking that the Court determine whether it owes the Defendants any duty under the policy.

Farris, Bargo, and Cox have filed motions to dismiss the action as moot, to dismiss the action for lack of subject matter jurisdiction, to dismiss the action for improper venue, or to stay the action pending the outcome of the underlying suit currently proceeding in Alexander County.

## ANALYSIS

**I.     A Case or Controversy Exists**

Defendants contend that the fact that St. Paul offered to pay for Farris's defense in the underlying action makes this action moot.  District courts are limited by Article III of the Constitution to hearing actual cases or controversies.  *Flast v. Cohen*, 392 U.S. 83, 88 (1968).  Thus, a district court will not hear a case that is moot.  *See, e.g. California v. San Pablo & T.R. Co.*, 149 U.S. 308 (1893).  It is well established that a complaint raised under the Declaratory Judgment Act is a case or controversy for Article III purposes so long as the parties have "adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Thus, the mere fact that St. Paul is seeking relief in a declaratory judgment act does not make this case non-justiciable.

Additionally, the fact that St. Paul agreed to defend Farris while reserving its rights to later deny a duty to do so does not make this case moot.  "Under Illinois law. . . , when an insurer believes that a policy does not provide coverage, it can provide a defense under a

3

reservation of rights or obtain a declaratory judgment as to its rights and obligations." *Willis Corroon Corp v. Home Ins. Co.*, 203 F.3d 449, 452 (7th Cir. 2000) (citing *Insurance Co. of Illinois v. Federal Kemper Ins. Co.*, 683 N.E.2d 947 (Ill.App.1997)). The insurer may also concurrently seek a declaratory judgment and defend under a reservation of rights. *Fidelity & Cas. Co. Of New York v. Envirodyne Engineers, Inc.*, 461 N.E.2d 471, (Ill.App. 1983).

Here, St. Paul chose to deny coverage to Cox and Bargo and instead seek a declaratory judgment that it had no duty to defend them. Meanwhile, it chose to tender defense to Farris under a reservation of rights while concurrently seeking a declaratory judgment that it had no duty to do so. Defendants seem to be under the misapprehension that because St. Paul tendered a defense for Farris, it is estopped from raising the defense of non-coverage. To the contrary, "when an insurer has elected to either defend under a reservation of rights or file a declaratory judgment action, this estoppel concept does not arise." *Id*. at 474-75. As St. Paul has preserved its right to raise the defense of non-coverage by way of both expressly reserving its rights and filing the instant declaratory judgment action, this case presents adverse legal interests of sufficient immediacy to warrant the present action, and is not moot.

## II. The Court has Subject Matter Jurisdiction Over the Action

Defendants appear to be moving to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A defendant can challenge a court's subject matter jurisdiction under Rule 12(b)(1) in two ways. He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Assocs*., 104

4

F.3d 1256, 1261 (11th Cir. 1997); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-39 (3d ed.).

A defendant may also challenge the facts on which the complaint relies to allege jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999); 2 James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.30[4], at 12-38 to 12-40 (3d ed. 2000). To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *Sapperstein*, 188 F.3d at 855-56. In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

In the case at bar, Defendants challenge the sufficiency of the complaint's jurisdictional allegations as a matter of law. Therefore, the Court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff.

Defendants assert that the Court lacks subject matter over this action because St. Paul did not raise a federal question in its complaint and because the court in Alexander County would have jurisdiction over this action had it been filed there. Defendants misunderstand the Court's diversity jurisdiction. An action brought in diversity need not raise a federal question so long as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) (stating, "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."). Here, St.

5

Paul is a citizen of Minnesota and Defendants are all citizens of Illinois. Therefore, there is complete diversity of citizenship.

Furthermore, diversity jurisdiction exists so long as the sum claimed in good faith by the proponent of federal jurisdiction exceeds $75,000, unless it is legally impossible for the amount in controversy to meet the jurisdictional requirement. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Here, St. Paul's complaint alleges that the amount in controversy exceeds $75,000. It is not legally impossible that the amount at stake in defending and indemnifying Defendants in the underlying action is that high. Therefore, as there is complete diversity of citizenship and more that $75,000 in controversy, this Court has jurisdiction to hear this action, notwithstanding that jurisdiction would also be proper in Alexander County. Accordingly, the Court will not dismiss this case for lack of subject matter jurisdiction.

## III.  Venue is Proper

Defendants also appear to be moving to dismiss this action under Federal Rules of Civil Procedure 12(b)(3), contending that the United States District Court for the Southern District of Illinois is an improper venue for this action. In support of this contention they note that two of the three Defendants reside in Alexander County. St. Paul contends that venue is proper as a substantial part of the events giving rise to the claim occurred in the Southern District of Illinois.

In a diversity action like this one, venue is proper "in a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(a)(1). Alternatively, venue is proper "in a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred. . . ." 28 U.S.C. § 1391(a)(2). The Court notes that Alexander County, where at least two of the Defendants reside, is embraced by the Southern District of Illinois. Because all defendants reside in Illinois, venue is proper in this Court under 28 U.S.C. § 1391(a)(1). Additionally, the events giving rise to St. Paul's claim occurred in Cairo, located in Alexander County, which, as noted above, is embraced by the Southern District of Illinois. Accordingly, venue is proper in this Court under 28 U.S.C. § 1391(a)(2).

To the extent that Defendants's Motions contend that the venue is inconvenient, this argument fails. 28 U.S.C. § 1404(a) allows a district court to transfer any civil action to any other district or division where it might have been brought, for the convenience of parties and witnesses. First, it is not clear that this action could have been brought in another district. Second, it appears to the Court that the Southern District is the most convenient federal forum for most, if not all, of the Defendants, including Farris, Cox and Bargo.

## IV.     Stay of This Action is Not Proper

Finally, Defendants contend that this action should be stayed pending the outcome of the underlying suit for reasons of judicial economy, "until the issues raised herein can be addressed in the matter presently pending in Alexander County, Illinois." Defendants ignore the fact that "the issues raised herein" are not currently pending in Alexander County. St. Paul is not a party to the underlying action, and the issue of whether St. Paul has a duty to defend or indemnify Defendants is not at issue in Alexander County court. Furthermore, none of the defenses raised by St. Paul are dependant upon the outcome of the underlying suit. For example, the ultimate determination of the issues raised in the underlying complaint are irrelevant to the question of whether the suit is "between covered persons." Therefore, a stay of this action is neither

7

necessary nor appropriate.

## CONCLUSION

Because the Court has subject matter jurisdiction over this action, and because venue here is both proper and convenient, the Court **DENIES** the Motions to Dismiss or Stay filed by Defendants Farris (Doc. 28), Bargo (Doc. 30), and Cox (Doc. 32).

**IT IS SO ORDERED.**
**DATED: December 11, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**