UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF CAIRO, an Illinois Municipal Corporation, PAUL F. FARRIS, JOSEPH BARGO, PATRICK J. COX, LINDA JACKSON, and ELBERT PURCHASE,<br><br>  Defendants. | Case No. 07-cv-00419-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 50). Defendants have not responded, and the time for response has passed. For the following reasons, the Court GRANTS the motion.

## BACKGROUND

Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") issued a general liability insurance policy ("insurance policy") to the city of Cairo, Illinois. Defendants sought coverage under the policy after an underlying lawsuit was filed in state court. Plaintiff denied coverage to each Defendant and filed this declaratory judgment action to determine Plaintiff's duty to defend and indemnify Defendants.

Plaintiff attached the underlying complaint and the insurance policy to the complaint. This Court may properly examine the underlying complaint and St. Paul insurance policy because attachments to a complaint become part of it for all purposes. Fed.R.CivP. 10(c); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

The following facts are based on the underlying complaint. For the purpose of this motion, the truth of the underlying complaint is not relevant. Linda Jackson and Elbert Purchase, both members of Cairo city council acting in their official capacity, filed a lawsuit against Defendants Patrick Cox, Paul F. Farris, and Joseph Bargo in state court on September 29, 2006, alleging that city money had been used to pay Cox's salary in violation of certain city ordinances. Farris served as the mayor for the city of Cairo, Illinois, at the time of the underlying complaint. Farris appointed Cox as Cairo's city attorney sometime around May 15, 2006, although the city council later failed to approve the appointment. Bargo served as the city treasurer.

The city of Cairo passed an appropriation ordinance on July 25, 2006, limiting the salary to be paid for the position of city attorney for the city of Cairo to $10,000 beginning May 1, 2006, and ending on April 30, 2007. Sometime thereafter Farris, acting as mayor, and Cox entered into a contract whereby Cox would be paid $105,996 annually for services rendered as city attorney. The underlying Plaintiffs, Jackson and Purchase, assert the contract was null and void since the city council failed to approve the appointment of Cox or to appropriate additional money to cover the contract. At the time Jackson and Purchase filed suit, Cox had been paid $35,332.

The underlying Plaintiffs requested two-fold relief:[1] First, they sought an injunction to stop Bargo or Farris from paying Cox additional salary in violation of the ordinance. Second, they requested an accounting of the salary paid to Cox and requested Cox return any overpaid

---

[1] The underlying complaint involved two additional counts against parties who are not part of the present suit.

salary.[2]

Defendants Farris, Cox, and Bargo requested St. Paul defend them in the underlying lawsuit. St. Paul claimed no duty to defend existed, denied coverage to Farris, Cox, and Bargo, and filed this action.

## ANALYSIS

A motion for judgment on the pleadings permits a party to move for judgment after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c). The pleadings were closed, and Plaintiff subsequently filed this motion in a timely manner.

When determining a Rule 12(c) motion, the Court should view all factual allegations in favor of the non-moving party. *Lofton v. General Motors Corp.*, 694 F.2d 514, 519 (7th Cir. 1982). This court should not grant a motion for judgment on the pleadings unless it appears the non-moving party cannot prove facts sufficient to support his position. *Hous. Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004).

Illinois law, which controls this case, "treats the interpretation of an insurance policy and the respective rights and obligations of the insurer and the insured as questions of law that the court may resolve summarily." *Roman Catholic Diocese of Springfield in Ill. v. Maryland Casualty Co.*, 139 F.3d 561, 565 (7th Cir. 1998). To determine if a duty to defend exists, the court should compare allegations contained in the underlying complaint to the insurance policy. *Hous. Auth. Risk Retention Group, Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 603 (7th Cir. 2004); *see also Guillen v. Potomac Ins. Co. of Ill.*, 785 N.E.2d 1, 7 (Ill. 2003). If the underlying

---

[2] The underlying Plaintiffs also requested an accounting of any funds paid to two additional city attorneys employed prior to Cox. However, the other city attorneys are not involved in the present suit.

3

complaint "alleges facts that fall or potentially fall within the coverage of the policy, then the insurance company is bound to supply a defense." *Maryland Casualty*, 139 F.3d at 565; *see also Mount Vernon Fire Ins. Co. v. Heaven's Little Hands Day Care*, 795 N.E.2d 1034, 1039 (Ill. App. Ct. 2003). Judgment on the pleadings is only appropriate where "it is clear from the face of the underlying complaint that the allegations do not even potentially fall within the scope of the policy." *Maryland Casualty,* 139 F.3d at 565. When construing an insurance policy, if any ambiguity exists, the ambiguity must be construed in favor of the insured. *Johnson v. Davis*, 883 N.E.2d 521, 527 (Ill. App. Ct. 2005).

I. No Duty to Defend for Injunctive and Non-Monetary Relief

The general liability insurance policy issued by St. Paul specifically excludes coverage for lawsuits seeking injunctive or non-monetary relief. The St. Paul insurance policy provides the following provision:

> **Declaratory, injunctive, or other non-monetary relief:**
> We won't cover: . . . any amount. . . that results from any action or demand, or any part of any claim, which seeks declaratory, injunctive, or other non-monetary relief. . . Declaratory, injunctive or other non-monetary relief includes: any type of injunction, restraining order, or any other non-monetary relief.

Illinois law provides that costs associated with injunctive relief are not covered damages under a commercial general liability policy. *O'Brien v. Assoc., P.C. v. Tim Thompson, Inc.*, 653 N.E.2d 956, 960 (Ill. App. Ct. 1995). (holding an injunction and compliance damages were not covered under the general liability policy). The Seventh Circuit, applying Illinois law, noted that an insurer should not be responsible for the costs associated with the return of improperly obtained property. *Level 3 Communications v. Fed. Ins. Co.*, 272 F.3d 908, 909-911 (7th Cir. 2001).

In the present case, the only relief sought is equitable in nature. Under Illinois law, both injunctive relief and accountings are considered equitable in nature. An award of restitution

4

does not change the basic character of a lawsuit. Much like the improperly gained stock in *Level 3*, the underlying suit alleges Cox's salary should never have been paid in the first place. The insurance policy specifically excludes coverage for these types of relief. Therefore, St. Paul is entitled to judgment on the pleadings.

II. No Duty to Defend Insured Against Insured

St. Paul also has no duty to defend one insured against another insured. The St. Paul policy provides: "We won't cover loss for which any claim is made or brought by, or on behalf of, any current or former protected person against any current or former protected person." According to the policy, "members of your boards are protected persons only for the conduct of their duties for you or for your boards." Both Jackson and Purchase are board members and covered individuals under the policy. The Defendants are also covered individuals under the policy, which provides: "Who is protected under this agreement: . . . your lawfully elected or appointed officials are protected persons only for the conduct of their duties for you."

The underlying action only alleges inappropriate official conduct on the part of Farris and Bargo. Defendant Farris, acting as mayor, appointed Cox as city attorney. Defendant Bargo, acting as city treasurer, paid Cox from city funds for services rendered to the city of Cairo. Therefore both Bargo and Farris are covered individuals being sued by covered individuals within the meaning of the policy, so St. Paul owes no duty to defend either individual. Likewise, Cox accepted his salary and acted as city attorney within his official capacity, so he is also a covered individual being sued by covered individuals. Cox's status as an official has been questioned in the underlying suit, but either way he is not entitled to a defense. If he was not officially city attorney, then Cox cannot be an insured, and if he is an insured, then St. Paul has no duty to defend one insured against another insured.

St. Paul did not owe the Defendants a duty to defend where the insurance policy specifically excluded coverage for equitable relief as well as suits brought by an insured against an insured.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's motion for dismissal on the pleadings (Doc. 50).

**IT IS SO ORDERED.**
**DATED: July 8, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**